UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO A. CARZOGLIO,

                Plaintiff,

      -against-

ANTHONY J. ANNUCCI; NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; J.
WOLCOTT, SUPERINTENDENT; L.
MIDDLEBROOK, DEPUTY
SUPERINTENDENT OF PROGRAMS; K.
HOSTETLER, I.G.R.C. SUPERVISOR; M.A.
BARHAM; LAW LIBRARY
SUPERVISOR/ATTICA CORR. FAC.,

                Defendants.

23-CV-7554 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Attica Correctional Facility ("Attica"),

brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants are violating his

constitutional rights. Named as the defendants are: (1) corrections officials and a corrections

officer at Attica (2) the New York State Department of Corrections and Community Supervision

("DOCCS"); and (3) Acting DOCCS Commissioner Anthony J. Annucci. For the following

reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District

Court for the Western District of New York.

**DISCUSSION**

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants are violating his constitutional rights by impeding his access to the Attica law library. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred at Attica. Because most Defendants are employed at Attica,[1] where the alleged events occurred and where Plaintiff is incarcerated, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Attica, which is located in Wyoming County, in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, *see* § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed

---

[1] DOCCS's headquarters and its Acting Commissioner, Defendant Annucci are located in Albany County, which is located in the Northern District of New York. *See* 28 U.S.C. § 112(a).

further without prepayment of fees is a determination to be made by the transferee court.

Summonses shall not issue from this Court. This order closes this action in this court..

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 28, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge